On May 22, 1997, appellant, John Class, Jr., was charged with driving under the influence in violation of R.C. 4511.19(A)(1). A jury trial commenced on June 2, 1998. The jury found appellant guilty as charged. By judgment entry filed October 23, 1998, the trial court sentenced appellant to twenty days in jail, seventeen suspended, and imposed a fine plus court costs.
On August 25, 1998, appellant filed a motion for new trial. By judgment entry filed November 19, 1998, the trial court denied said motion.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 WHEN A DEFENSE ATTORNEY IN A DRIVING UNDER THE INFLUENCE TRIAL BASED PRIMARILY UPON THE SUBJECTIVE OBSERVATIONS OF TWO POLICE OFFICERS AND ONE LAY WITNESS, IN THE ABSENCE OF AN OBJECTIVE CHEMICAL TEST, FAILS TO PRESENT CRITICAL AND READILY AVAILABLE EVIDENCE CONCERNING HIS CLIENT'S RELEVANT PHYSICAL AND MEDICAL INFIRMITIES, COUNSEL'S PERFORMANCE FALLS SO FAR BELOW ANY OBJECTIVE STANDARD OF REASONABLE REPRESENTATION, THAT IT PREJUDICES THE CLIENT, AND DEPRIVES A DEFENDANT OF A FAIR TRIAL.
II
 WHEN INEFFECTIVENESS OF DEFENSE COUNSEL IS SHOWN TO HAVE DEPRIVED AN ACCUSED OF A FAIR TRIAL, IT IS ERROR FOR THE TRIAL COURT TO REFUSE TO PERMIT THE MINIMUM REDRESS OF A NEW TRIAL WITH ALL OF THE RELEVANT EVIDENCE PRESENTED.
 I
Appellant claims his trial counsel was ineffective in failing to present evidence of his physical disabilities to negate the officers' testimony about his demeanor at the time of the arrest. We disagree.
The standard this case must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, 142, certiorari denied 110 S.Ct. 3258. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition.
2) [P]rejudice arises from counsel's performance.
Appellant must further establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984), 466 U.S. 668,696.
After the officers arrived on the scene and detected an odor of alcohol about appellant's person, the officers attempted to perform several field sobriety tests. T. at 77-78, 102-103. Appellant was unable to perform the "heel to toe" test and the "one leg stand" test and skipped a few letters during the "alphabet" test. T. at 80-81, 83. Appellant was also unable to complete the breathalyzer test. T. at 91, 105-106.
From our review of the record, we find defense counsel's trial strategy to be one of attacking the officers for not obtaining a blood or urine sample from appellant and in not performing an additional field sobriety test (the horizontal gaze nystagmus test). T. at 118-123. Defense counsel argued appellant was seventy years old and he "moves slow," "[h]is senses are not what they once were" and it would be normal that "he stumbles a little in getting out of his car and holds unto (sic) the car to get a little stability." T. at 121. Defense counsel pointed out "the reason there was no breath test in this case is because Mr. Class is unable to summon the lung power to cause the machine to register." T. at 118. On direct examination, the officers were asked if appellant offered any medical excuses for his inability to perform the field sobriety tests and the breathalyzer test. T. at 81-83, 106. The officers answered in the negative. Id. Nothing further was developed on this issue.
Appellant argues there were witnesses available who could have explained away his swaying, leaning and inability to perform the field sobriety tests. Appellant's attempt to present this evidence via a motion for new trial was not the proper venue. If one attempts to present evidencedehors the record, the proper procedure is to file a petition for postconviction relief pursuant to R.C. 2953.21. We find the record does not demonstrate any deficiency by defense counsel.
Furthermore, under the second prong of Bradley, appellant must establish prejudice affecting the outcome of the trial. Given the facts appellant was identified as leaving a bar (T. at 68), admitted to drinking a few shots (T. at 77), smelled of alcohol (T. at 77-78, 102), was unable to comprehend the officers' directions in explaining the field sobriety tests (T. at 79-80) and was unable to complete a recitation of the alphabet (T. at 83), we find no prejudice to appellant.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in denying his motion for new trial based upon ineffective assistance of counsel. We disagree.
Crim.R. 33 governs motions for new trial. Appellant argues subsection (A)(1) is applicable sub judice:
 A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
Subsection (B) states an "[a]pplication for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict * * * unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion" in a timely manner.
Appellant's August 25, 1998 motion for new trial avers he was unavoidably prevented from filing a timely motion "because he was previously represented by an attorney who would not raise the irregularity and he [appellant] is untrained to know that he could make such a motion himself." Attached to the motion are numerous exhibits and affidavits from potential witnesses. In using the motion for new trial, appellant attempted to supplement the record with evidence he argues was probative to the outcome of the trial.
Preliminarily, we note the trial court never gave leave to file the motion out of time, although the trial court did give the parties leave to file any briefs on the motion. By judgment entry filed November 19, 1998, the trial court reviewed appellant's "Motion and Affidavit and Memorandum, and the plaintiff's Memorandum in Response" and denied the motion. We find the claim of ineffective assistance of trial counsel as presented with evidence dehors the record is not within the parameters of Crim.R. 33(E) including subsection (5) which states as follows:
 No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:
 (5) Any other cause, unless it affirmatively appears from the record that the defendant was prejudiced thereby or was prevented from having a fair trial.
The proper statutory vehicle to pursue the issue sub judice
is a petition for postconviction relief pursuant to R.C.2953.21. Upon review, we find the trial court did not err in denying appellant's motion for new trial.
Assignment of Error II is denied.
The judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Hoffman, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES